UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGE S. COHLMIA, JR., M.D., and CARDIOVASCULAR SURGICAL SPECIALISTS CORP., an Oklahoma corporation,<br><br>      Plaintiffs,<br><br>vs.<br><br>ARDENT HEALTH SERVICES, LLC, et al.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 05 CV 384-GKF-PJC<br>)<br>)<br>)<br>)<br>) |

## CONSENT PROTECTIVE ORDER

Pursuant to the Agreed Motion for Entry of Consent Protective Order (Doc. No. 137), the provisions of Rule 26(c), Fed.R.Civ.P., and with the agreement of all counsel and parties that a Protective Order is warranted to prevent the disclosure of confidential peer review, and personal health information, the Court hereby enters the following protective order:

1. This order shall govern all documents and other materials and information produced, during the course of discovery or pretrial procedures, by any party to this action which relate to peer review, and medical records of patients containing protected health information pursuant to the Health Insurance Portability and Accountability Act.

2. The parties are in agreement that additional protective orders may be necessary to protect additional documents that may be requested during the course of these proceedings, including but not limited to proprietary business information, and that the entry of this order does not foreclose the parties from entering into additional consent protective orders or seeking additional protective orders from this Court.

3. Protected "peer review" documents, have been previously ordered protected by Magistrate Cleary's November 15, 2006 Order and are therein ordered to be defined, as follows:

(A) All materials deemed to be privileged from discovery altogether, or which the parties were ordered not to disseminate outside of state court litigation against Ashad Yousuf, M.D. or between Dr. Yousuf and Plaintiff George S. Cohlmia, Jr., M.D. as described in those Court's orders, attached hereto;

(B) any other materials which would be deemed private, confidential and privileged, pursuant to 63 Okla. Stat §§ 1-1709 to 1-1709.1(B)-(E), including but not limited to:

(1) credentialing or re-credentialing data, as defined by 63 Okla. Stat. § 1.1709.1(A)(1)(a)-(d);

(2) a document, memoranda, minutes, or other material documenting or referring to the credentialing or re-credentialing process, as defined by 63 Okla. Stat. § 1-709.1(2);

(3) peer review information, including but not limited to all records, documents and other information generated during the course of a peer review process, including any reports, statements, memoranda, correspondence, record of proceedings, materials, opinions, findings, conclusions and recommendations, as defined by 63 Okla. Stat. § 1-709.1(5);

(4) any and all document, testimony, or other evidentiary materials concerning the peer review process, as defined by 63 Okla. Stat. § 1-709.1(6)

(C) any other document, testimony, or other evidentiary material which memorializes, discusses, or relates to the credentialing, re-credentialing, or peer review process concerning any health care professional in this action.[1]

4. For purposes of this Order, "protected health information" shall have the same meaning as set forth in 45 CFR §164.501.

5. Any party or non-party may designate any discovery or pretrial information taken, given or exchanged in this action, that meet the definition of "peer review documents," or

---

[1] Note that this definition of peer review information was adopted in Magistrate Judge Cleary's November 15, 2006, Order granting in part and denying in part the Defendants' Joint Motion for Protective Order, and Plaintiffs have not waived their objection to this definition by inclusion or incorporation of that Order's provisions herein.

- 3 -

"protected health information" as "CONFIDENTIAL" by marking the legend "CONFIDENTIAL" on documents produced pursuant to discovery or exhibit exchange or on those portions of interrogatory answers deemed confidential, or by stating on the record that portions of testimony at a deposition or hearing are to be treated as confidential. The parties shall designate as "CONFIDENTIAL" only those materials believed in good faith to disclose peer review or protected health information.

    6.    Documents produced or testimony given under this protective order shall be handled as follows:

    a.    Documents produced pursuant to this Order shall be used for purposes of this litigation only.

    b.    Patients names can be used in the production of documents pursuant to this Order; however, Plaintiffs shall make NO contact whatsoever with such patient or his/her family members absent an order of this Court authorizing such contact.

    c.    Documents produced pursuant to this Order can be sent to outside consultants or experts who are retained by outside counsel to assist the parties in the litigation;

    d.    Documents produced pursuant to this Order can be presented to the Court and its staff;

    e.    Documents produced pursuant to this Order can be presented to or before court reporters and their staff;

    f.    Documents produced pursuant to this Order can be presented to deposition witnesses and disclosed prospective trial witnesses, to the extent the CONFIDENTIAL information may reasonably and in good faith be believed to relate to their testimony.

Counsel for the parties shall be responsible for assuring that access to information designated hereunder as "CONFIDENTIAL" shall be permitted only to:

a. Outside counsel of record, including attorneys, clerical, paralegal and secretarial staff regularly employed by outside counsel and in-house counsel responsible for management of the litigation;

b. Outside consultants or experts who are retained by outside counsel to assist the parties in the litigation;

c. The Court and its staff;

d. Deposition court reporters and their staff;

e. The actual deposition witnesses and disclosed prospective trial witnesses, to the extent the CONFIDENTIAL information may reasonably and in good faith be believed to relate to their testimony; and

g. Others permitted by order of the court.

No person having access to any CONFIDENTIAL information shall disclose in any manner its contents to any person other than those described in this paragraph. No disclosure shall be made for any purpose than those specified in this order.

7. This Order is a Qualified Protective Order that complies with the requirements of the Health Insurance Portability and Accountability Act of 1996, and specifically 45 CFR §164.512.

8. The provisions of this Court's November 15, 2007 [Doc. No. 105], P.6, ¶2 regarding patient name redactions is hereby abrogated, in that this Qualified Protective Order adequately protects the same.

9. Should any party dispute the confidentiality designation of any document, communication or pleading selected by the producing party and counsel be unable to resolve such dispute, the party disputing the designation may move for a ruling by the Court on the propriety of the designation, setting forth the reasons for disputing the designation. Such motion should contain a representation that the parties have conferred and were unable to resolve the dispute. Thereupon the Court shall determine to what extent, if any, the document or documents in question are entitled to protection and no presumption of confidentiality or entitlement to the protection afforded by the terms of this Court shall arise merely because of the existence of this Order or by reason of the fact that a party has designated the document or documents at issue as falling within one of the categories of confidentiality provided for herein. A dispute as to confidentiality shall not be grounds for delay of or for a refusal to permit discovery; provided, however, during the pendency of the disputing party's motion, all the documents, communications or pleadings with respect to which a dispute exists shall be deemed to have the level of confidentiality claimed by the producing party and shall be covered by the appropriate provisions of this Protective Order. Similarly, any document or other material that was initially produced under an undisputed claim of confidentiality may be released for disclosure subsequently by agreement of counsel for the parties or by order of the Court upon such motion if counsel are unable to agree.

10. Any motion disputing the confidential designation of a document or other material or information, or to release CONFIDENTIAL information from the protection of this Order, shall not disclose any of the information claimed by the opposing party to be confidential, and arguments or materials which would disclose such information shall be presented to the Court in camera. If a motion pursuant to this paragraph is made and granted, the information

sought to be released by the motion shall no longer be subject to any of the provisions of this Protective Order, and the designation of the information as "CONFIDENTIAL" shall be removed.

11. On the conclusion of this action, all CONFIDENTIAL information in the possession or under the control of counsel, the parties or their agents, consultants or experts shall be destroyed or returned to the party producing it. The provisions of this order as to confidentiality shall not terminate with the disposition of this action, but shall continue until further order of the court.

12. In the event that any entity or person subject to this Order receives a subpoena, civil investigative demand or other legal process or request seeking disclosure or production of any document or information designated as "CONFIDENTIAL", such entity or person shall give written notice of such request to all parties and provide a copy of such subpoena or process to all parties. Such notice shall be given within five (5) days of service of the subpoena or legal process or, if the time referenced in the subpoena or legal process is less than five days, at least sufficient time to permit the party who produced the documents to make objection to such subpoena or legal process.

This Protective Order has been sought by joint application of the parties and the terms of this Order are agreed to by counsel for the parties, except as otherwise noted herein, as evidenced by their signatures approving the form and content of this Order below.

The foregoing is so ORDERED this 17th day of October, 2007.

APPROVED AS TO FORM AND CONTENT:

s/ Daniel B. Graves (with permission)
Michael L. Barkett
Daniel B. Graves
GRAVES & BARKETT
Boulder Towers, Suite 10 10
1437 S. Boulder
Tulsa, OK 74 1 19
*Attorneys for Plaintiffs*

Paul J. Cleary
United States Magistrate Judge

s/ Christine M. Cave (with permission)
Murray E . Abowitz
Christine M. Cave
ABOWITZT,I MBERLAK&E D AHNKEP,P. C.
10th Floor Hightower Building
105 North Hudson
Oklahoma City, OK 73 102
(405) 236-4645
(405) 239-2843 (facsimile)
*Attorneys for Defendants Fred Garfinkel, M.D.; Ronald C. Elkins, M.D.; Marc S. Milsten, M.D.; Thomas D. Roberts, M.D.; James A. Johnson, M.D.*

s/ David Burrage (with permission)
Michael Burrage
Heather Burrage
David Burrage
BURRAGE LAW FIRM
1 15 N. Washington, Suite 100
P.O. Box 1727
Durant, OK 74702
*Attorneys for Defendants Ardent Health Services, LLC; AHS Hillcrest Medical Center; AHS Oklahoma Health System; Steve Landgarten, M.D., and Steve Dobbs*

- 8 -

s/ Darrell W. Downs (with permission)
Michael S. Burrage
Darrell W. Downs
TAYLOR, BURRAGE, FOSTER, MALLETT, DOWNS & RAMSEY
400 W. Fourth Street
P.O. Box 309
Claremore, OK 7401 8-0309
*Attorneys for Defendants Ardent Health Services, LLC; AHS Hillcrest Medical Center; AHS Oklahoma Health System; Steve Landgarten, M.D., and Steve Dobbs*


s/ Mark J. Horoschak (with permission)
Mark J. Horoschak
Sara R. Lincoln
Brian Hayles
WOMBLE, CARLYLE, SANDRIDGE & RICE, PLLC
301 S. College Street, Suite 3500
Charlotte, NC 28202-6025
*Attorneys for Defendants Ardent Health Services, LLC; AHS Hillcrest Medical Center; AHS Oklahoma Health System; Steve Landgarten, M.D., and Steve Dobbs*


s/ Joel L. Wohlgemuth
Joel L. Wohlgemuth
Jo Lynn Jeter
NORMAN, WOHLGEMUTH, CHANDLER & DOWDELL
401 S. Boston Avenue
2900 Mid-Continent Tower
Tulsa, OK 74 103
*Attorneys for Defendants Hillcrest Healthcare System and Hillcrest Medical Center*

s/ Jennifer R. Annis (with permission)
Jennifer R. Annis
Michael P. Atkinson
John P. Carwile
ATKINSON, HASKINS, NELLIS, BRITTINGHAM, GLADD & CARWILE
525 S. Main, Suite 1500
Tulsa, OK 74 103
*Attorneys for Defendants Oklahoma Heart, Inc., d/b/a Oklahoma Heart Institute, and Wayne N. Leimbach, Jr., M.D.*




s/ J. Daniel Morgan (with permission)
J. Daniel Morgan
GABLE & GOTWALS
100 W. Fifth Street, Suite 11 00
Tulsa, OK 741 03
*Attorneys for Defendants CVT Surgery, Inc. and Paul W. Kempe, M.D.*




George Michael Lewis (with permission)
George Michael Lewis
William Hayden Spitler, IV
Lesley Ford Richer
DOERNER, SAUNDERS, DANIEL & ANDERSON
320 S. Boston Ave., Suite 500
Tulsa, OK 74 103
*Attorneys for Defendant St. John Medical Center, Inc.*