**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

GEORGE S. COHLMIA, JR., M.D., *et al.*,     )
                                          )
              Plaintiffs,         )
                                          )
vs.                                      )
                                        )    Case No. 05-CV-384-GKF-PJC
ARDENT HEALTH SERVICES, L.L.C., *et al.*,   )
                                        )
            Defendants.      )

**<u>OPINION AND ORDER</u>**

       Before the court are the Plaintiffs' Appeal of Award of Costs to Defendants [Doc. No. 501] and the Motion of Defendant St. John Medical Center, William Burnett M.D. and William Howard Allred M.D. ("St. John Defendants") to Appeal Amended Order on Bill of Costs [Doc. No. 502]. Pursuant to Fed.R.Civ.P. 54(d)(1), both pleadings seek review of the Amended Order on Bill of Costs entered by the Clerk of the Court. [Doc. No. 500].

       The Bill of Costs filed by St. John Defendants sought award of the following costs:

| | |
|---|---:|
| Fees for Service of Summons and Subpoena | 184.00 |
| Fees of the Court Report for all or any part of the transcript necessarily obtained for use in the case | 38,089.87 |
| Fees and disbursements for printing | 1,704.15 |
| Fees for witnesses | 145.00 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case | 21,165.24 |

[Doc. No. 453, Bill of Costs].

       The Clerk, in the Amended Order on Bill of Costs, awarded the St. John Defendants the following costs:

| | |
|---|---:|
| Fees for Service of Summons and Subpoena | 184.00 |

| | |
|---|---:|
| Fees of the Court Reporter for all or any part of the transcript necessarily obtained for use in the case | 31,844.12 |
| Witness Fees | 145.00 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case | 19,733.38 |
| TOTAL | $51,906.50 |

[Doc. No. 500, Amended Order on Bill of Costs].

Defendants object to the Clerk's award of costs, asserting all costs sought were allowable and should have been awarded.  Plaintiffs have objected to the Clerk's award of costs, arguing that the St. John Defendants provided no proof or support for the amounts claimed as reasonable and/or necessary pursuant to 28 U.S.C. §1920.  They contend defendants should have only been awarded costs plaintiffs conceded were due in Exhibit A to their Response and Objection to Defendants' Motion for Costs and Bill of Costs [Doc. No. 467, Ex. A].

## I. Analysis

### A.  Standard of Review

Taxation of costs in the first instance is performed by the Clerk and his decision is subject to review by the court pursuant to Fed.R.Civ.P. 54(d).  Review of the Clerk's assessment of costs is a *de novo* determination addressed to the sound discretion of the court.  *Frigiquip Corp. v. Parker-Hannifin Corp.,* 75 F.R.D. 605, 613 (W.D. Okla. 1977), citing *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, (1964).

Rule 54 "creates a presumption that the district court will award costs to the prevailing party," and the district court "must provide a valid reason for denying such costs."  *In re Williams*

2

*Securities Litigation-WCG Subclass,* 558 F.3d 1144, 1147 (10th Cir. 2009).  A prevailing party

bears the burden of establishing the amount of costs to which it is entitled.  *Allison v. Bank One-*

*Denver,* 289 F.3d 1223, 1248 (10th Cir. 2002).  Further, the amount a prevailing party requests

"must be reasonable."  *Callicrate v. Farmland Indus., Inc.,* 139 F.3d 1336, 1339 (10th Cir. 1998).

"Once a prevailing party establishes its right to recover allowable costs, however, the burden

shifts to the non-prevailing party to overcome the presumption that these costs will be taxed."

*Williams,* 558 F.3d at 1148.

### B. Defendants' Appeal

The Clerk, in assessing court reporter fees incurred in connection with depositions,

determined he would tax as costs fees for depositions that were either (1) taken by plaintiffs, or

(2) cited in dispositive motion practice.  Applying this criteria, the Clerk disallowed fees

associated with the depositions of Rhonda Hall, Debra Morris, Craig Adams, Jimmy Giddens,

Schuyler Steelberg and Tambra Sharrock.  Additionally, he disallowed court reporter fees for

transcripts of three hearings in the case: the May 31, 2007, hearing on motions to dismiss; the

December 5, 2008, status hearing on further scheduling and summary judgment; and the February

12, 2009, hearing on the St. John Defendants' motion for summary judgment as to the tortious

interference claims.

Under 28 U.S.C. §1920, the prevailing party is entitled to recover costs of "fees for

printed or electronically recorded transcripts necessarily obtained for use in the case."  This

definition "authorizes recovery of costs with respect to all depositions reasonably necessary to the

litigation of the case."  *Furr v. AT&T Technologies, Inc.,* 824 F.2d 1537, 1550 (10th Cir. 1987).

"We measure whether an incurred cost was reasonably necessary under §1920 in light of the facts

known to the parties at the time the expenses were incurred." *Mitchell v. City of Moore, Oklahoma,* 218 F.3d 1190, 1204 (10th Cir. 2000) (internal quotation and citation omitted).  The Tenth Circuit has rejected the proposition  that depositions not used in defendants' summary judgment motions cannot be taxed as costs.  *Id.*  In so ruling, the court stated:

> [I]t would be inequitable to essentially penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case.

*Id.* at 1205 (internal quotations and citations omitted).

The Tenth Circuit reiterated its holding in *In re Williams Securities Litigation-WCG Subclass,* 558 F.3d 1144, 1149 (10th Cir. 2009), stating, "any rule that permits costs only for depositions received in evidence or used by the court in ruling upon a summary judgment is narrower than [S]ection 1920."  The court in *Williams* acknowledged the "necessarily obtained for use in the case" standard does not allow a prevailing party to recover "costs that merely added to the convenience of counsel or the district court," or "materials produced solely for discovery." *Id.* at 1147-48.  However, it stated:

> At the same time, we have acknowledged that materials may be taxable even if they are not strictly essential to the district court's resolution of the case.  The realities of litigation occasionally dispense with the need of much of the discovery already taken by the parties, when, for instance, a dispositive motion is by the trial court.  Our cases establish that if deposition transcripts or copies were offered into evidence, were not frivolous, and were within the bounds of vigorous advocacy, costs may be taxed.  This standard recognizes that caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation, including the possibility of trial.
>
> Thus, we do not employ the benefit of hindsight in determining whether materials for which a prevailing party request costs are reasonably necessary to the litigation of the case.  We base this determination, instead, solely on the particular facts and circumstances at the time the expense was incurred.

*Id.* at 1148 (internal quotations and citations omitted).

The court concludes the Clerk erred in awarding costs for court reporter fees only for depositions taken by plaintiffs or cited in dispositive motion practice. The appropriate inquiry is whether the costs were reasonably necessary to the litigation of the case based on the particular facts and circumstances at the time the expense was incurred.

Plaintiff asserted claims against SJMC of: violation of Section 1 and Section 2 of the Sherman Act and Section 4 of the Clayton Act; illegal boycott under the Sherman Act; violations of the Oklahoma Antitrust Reform Act; tortious interference with both contract and prospective advantage; defamation; violations of 42 U.S.C. §1981; and intentional infliction of emotional distress. Plaintiffs also sought injunctive relief. The St. John Defendants asserted a defense of immunity under the Health Care Quality Improvement Act ("HCQIA"). Extensive discovery was conducted. In their Rule 26 disclosures, plaintiffs identified 139 witnesses "likely to have discoverable information." A total of 296,049 pages of documents were produced either in electronic format or hard copy by plaintiffs and defendants in the case. The St. John Defendants ultimately prevailed on three separate motions for summary judgment disposing of all claims against them.[1]

The St. John Defendants submitted the affidavit of their lead counsel, G. Michael Lewis.

---

[1] On November 7, 2008, the St. John defendants filed a motion for summary judgment as to the 42 U.S.C. §1981 claims and tortious interference claims. [Doc. No. 279]. That motion was granted on February 12, 2009 [Doc. No. 340]. Along with other defendants, the St. John Defendants filed a Motion for Summary Judgment as to the antitrust claims on April 7, 2009 [Doc. No. 376]. The St. John Defendants filed a Motion for Summary Judgment on the remaining causes of action asserted against it and its HCQIA defense on April 3, 2009 [Doc. No. 363]. Both motions were granted in favor of the St. John Defendants on August 3, 2009 [Doc. No. 447].

[Doc. No. 470, Ex. A].  Lewis stated that the depositions of Hall, Morris, Adams, Giddens, Steelberg and Sharrock were necessary at the time it was taken for proper preparation of the case for the reasons set forth below:

- Hall  was responsible for business development at plaintiff Cardiovascular Surgical  Specialist Corp. ("CVSS") during the relevant time and was alleged to have heard statements made by others which plaintiffs asserted supported their claim of a conspiracy to restrain trade;

- Morris was the Administrator of CVSS during the relevant time and was alleged to have heard statements made to her by others that supported plaintiffs claim of conspiracy to restrain trade;

- Adams is a cardiothoracic surgeon who practiced with Cohlmia during the relevant time and was alleged to have heard statements made by others and witnessed actions plaintiffs asserted supported their conspiracy to restrain trade claim;

- Giddens is a general surgeon who practices with Oklahoma Surgery, Inc. and was alleged to have heard statements made by others that plaintiffs asserted supported their conspiracy to restrain trade claim;

- Steelberg is the Medical Director for the Cherokee Nation and was deposed concerning Cohlmia's contract with the Cherokee Nation, the Cherokee Nation's experience with Cohlmia's treatment of patients and alleged actions by defendants to restrain plaintiffs' trade.

- Sharrock was a surgical assistant employed by plaintiff and was alleged to have heard statements made by others that plaintiffs asserted supported their conspiracy to restrain trade claim.

[Doc. No. 470, Ex. A, Affid. of G. Michael Lewis, ¶6].  Applying the principles set out in *Williams,* the court finds the depositions at issue were reasonably necessary to the litigation of the case based on the particular facts and circumstances at the time the expenses were incurred. Therefore, the St. John Defendants are entitled to recover court reporter fees totaling $5,862.90 for these depositions.

The Clerk also erred in disallowing costs of $382.85  for transcripts for three hearings in

the case.  The transcript for the May 31, 2007, hearing on motions to dismiss was cited to in dispositive motion practice and the St. John Defendants' pending motion for attorney fees.  The December 5, 2008, status hearing dealt with which dispositive motions would be taken up by the court and in what order.  During the February 9, 2009, hearing on the St. John Defendants' Motion for Summary Judgment, the court made findings as to facts and law related to plaintiffs' tortious interference claims.  The court finds these costs were reasonably necessary to the litigation of the case based on the particular facts and circumstances at the time they were incurred.

### C.  Plaintiffs' Appeal

Plaintiffs object to the award of *any* costs other than costs they conceded were due in Exhibit A to their Response and Objection to Defendants' Motion for Costs and Bill of Costs [Doc. No. 467, Ex. A].  This amount totals approximately $3,936.  Additionally, plaintiffs assert the St. John Defendants should not have been able to recover all of their costs for court reporter fees, witness fees and others costs "for things all 16 Defendants benefitted from."  Plaintiffs state:

> It is unfair and unjust that these Defendants should receive 100% reimbursement for these items since all but 3 of the 16 Defendants settled the claims with Plaintiffs. At best, these Defendants should only be entitled to 3/16 of the amounts claimed and ***should collect reimbursement for the remaining amounts from the other Defendants if they haven't already.***

[Doc. No. 501, p. 4 of 7] (emphasis in original).

The Bill of Costs filed by the St. John Defendants [Doc. No. 453] attached a summary spreadsheet itemizing charges for which reimbursement was sought, and individual invoices for the charges.  The affidavit of lead counsel for defendants, G. Michael Lewis, averred that he had reviewed the itemization of cost and believed it was true and accurate, and that the items claimed

7

as costs "were necessarily incurred by SJMC in the litigation of this case." [Doc. No. 454, Ex. A, Affid. Of G. Michael Lewis, ¶¶3-4].

The Tenth Circuit, in *Williams,* stated:

We have specifically noted that the burden of justifying copy costs is not a high one.  A prevailing party need not "justify each copy" it makes.  *Id.*  All a prevailing party must do to recoup copy costs is to demonstrate to the particular circumstances, the copies were reasonably necessary for use in the case.

558 F.3d at 1149.  Given the number of claims asserted by plaintiffs, the number of parties, the complexity of the case, and the extensive discovery and motion practice, the court finds the St. John Defendants have met their burden of demonstrating the copies were reasonably necessary for use in the case.

With respect to deposition transcripts, plaintiffs cite no authority for their proposition that the St. John Defendants should be permitted to recover only 3/16ths of their costs.  The costs sought by defendants were actual out-of-pocket costs.  They are entitled to recover these costs provided they were reasonably necessary to the litigation of the case.  Therefore, the court rejects plaintiffs' contention that only 3/16th of the costs are recoverable.

## II.  Conclusion

The St. John Defendants' Appeal of the Clerk's Taxation of Costs [Doc. No. 502]  is granted.  The Clerk's Taxation of Costs [Doc. No. 500] is reversed and remanded.  Upon remand, the Clerk is directed to tax additional costs totaling $5,862.90 for transcripts for the depositions of Rhonda Hall, Debra Morris, Craig Adams, Jimmy Giddens, Schuyler Steelberg and Tambra Sharrock , and additional costs totaling $382.85 for transcripts of the hearings of May 31, 2007, December 5, 2008 and February 9, 200

Plaintiffs' Appeal of the Clerk's Taxation of Costs [Doc. No. 501] is denied.

ENTERED this 18th day of November, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma